# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| RICHARD M., | : | Case No. 3:23-cv-00037 |
| | : | |
| Plaintiff, | : | Magistrate Judge Caroline H. Gentry |
| | : | (by full consent of the parties) |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| | : | |
| Defendant. | : | |

## DECISION AND ENTRY

This case is before the Court on the parties' Joint Stipulation for an Award of Attorney's Fees Under the Equal Access to Justice Act (EAJA) (Doc. No. 16). Specifically, the parties stipulate to an award to Plaintiff of attorney fees in the amount of $5,400.00 in full satisfaction and settlement of any and all claims Plaintiff may have under the EAJA in the above case. The award of attorney fees will satisfy all of Plaintiff's claims for fees, costs, and expenses under 28 U.S.C. § 2412 in this case. Any fees paid belong to Plaintiff, and not his attorney, and can be offset to satisfy pre-existing debt that Plaintiff owes the United States under *Astrue v. Ratliff*, 560 U.S. 586 (2010). Plaintiff and Defendant move that the Court award Plaintiff EAJA fees, costs, and expenses in the amount of $5,400.00.

After the Court enters this award, if counsel for the parties can verify that Plaintiff owes no pre-existing debt subject to offset, Defendant agrees to direct that the

award be made payable to Plaintiff's attorney pursuant to the EAJA assignment duly signed by Plaintiff.

**IT IS THEREFORE ORDERED THAT:**

1. The parties' Joint Stipulation for an Award of Attorney's Fees Under the EAJA (Doc. No. 16) is accepted and Defendant shall pay Plaintiff's attorney fees, costs, and expenses in the amount of $5,400.00, for a total award of **$5,400.00**;

2. Counsel for the parties shall verify, **within thirty days of this Decision and Entry,** whether Plaintiff owes a pre-existing debt to the United States subject to offset. If no such pre-existing debt exists, Defendant shall pay the EAJA award directly to Plaintiff's counsel pursuant to the EAJA assignment signed by Plaintiff; and

3. The case remains terminated on the docket of this Court.

**IT IS SO ORDERED.**

*s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge